**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **MAGISTRATE NO. 23-mj-88** |
| **v.** | : | |
| **ANTHONY LOMBARDO** | : | |

**GOVERNMENT'S MOTION FOR PRETRIAL DETENTION**

The government, by and through its attorneys, Jacqueline C. Romero, United States Attorney for the Eastern District of Pennsylvania, and Justin Ashenfelter and Anthony Carissimi, Assistant United States Attorneys for the district, hereby submits this Motion for Pretrial Detention to assist the Court in the Pretrial Detention Hearing scheduled for February 21, 2023.

## I. INTRODUCTION AND BACKGROUND

On Tuesday, January 17, 2023, at approximately 9:30 a.m., defendant Anthony Lombardo parked his minivan next to the garage entrance of the James A. Byrne U.S. Courthouse in Philadelphia, the very place where this Court, federal employees, law enforcement, defense counsel, and the undersigned convene on a daily basis to earn a living and participate in the administration of justice. When asked by a Court Security Officer[1] to move his minivan from a no-parking zone, the defendant quickly emerged from his vehicle armed with a large butcher knife and approached the officer with the blade pointed downward in a stabbing motion. The officer shot the defendant, at which time he fell to his knees and forcibly drove the butcher knife into the ground. As the knife buoyed in a patch of soil with the blade handle protruding, the defendant attempted to retrieve a second knife secreted the sleeve of his long-

[1] Court Security Officers ("CSOs") are private security officers contracted by the United States Marshals Service ("USMS"). CSOs are engaged in the performance of official duties on behalf of and in assistance to the USMS, as defined by 18 U.S.C. § 1114(a)

sleeve shirt. The officer shot the defendant again. Underneath the defendant's clothing, he wore makeshift body armor assembled by a hard plastic material. The armor did not work as intended. As he lay on the ground while first responders administered aid to his wounds, the defendant stated, in substance: "Let me bleed out." The defendant was then rushed to the hospital and underwent several surgeries.

This harrowing encounter occurred on a busy street during the morning commute in Center City while jurors, federal employees, and bystanders walked past. In the aftermath of this incident, the defendant was charged by complaint with attempting to murder and forcibly assault, intimidate, and interfere with a Federal Officer or person assisting such an officer, in violation of 18 U.S.C. §§ 111(a)(1) and 1114(a).

The defendant faces a maximum penalty of 40 years' imprisonment. He has been previously convicted of a felony involving the attempted murder of a police officer in Bristol, Pennsylvania, and he has a long history of mental illness and substance abuse. He now asks that the Court order he be released on bail during the pendency of this prosecution. The Court should deny this request.

The government moves for pretrial detention because the defendant is a real and obvious danger to the community and unlikely to return to Court if released. The facts of this case and the crimes charged require his pretrial detention. Plainly, detaining the defendant is the only reasonable action this Court can take until his case is resolved.

## II. SUMMARY OF THE CASE AND INVESTIGATION

The events of January 17, 2023 were captured on the courthouse's surveillance camera near the parking garage. The entire episode lasted approximately 30 seconds. There is no dispute

that the defendant wielded an enormous butcher knife that he held in a stabbing motion as he approached the officer. The defendant's actions clearly demonstrated that he planned to attack the officer with deadly force. Under the circumstances, the officer responded appropriately and prevented the harm the defendant intended to inflict.

Interviews with the defendant's family revealed his recent obsession with the Drug Enforcement Administration ("DEA") and how his delusions and paranoia developed into the false belief that he was being targeted by an undercover agent. Unfortunately, the defendant felt compelled to act on his paranoia and imagination and proceeded to the area of the federal buildings situated between Market and Arch Streets, bordered by North 6th and 7th Streets in Philadelphia ("Federal Complex"). The DEA Philadelphia Division is located within the Federal Complex at 600 Arch Street.

Warrants to search the contents of the defendant's two cellphones were later issued, and the defendant's internet browser history revealed his intent when he arrived at the Federal Complex on the morning of January 17, 2023. On January 14, just three days earlier, he searched the Safari application with the query: "where is the closest DEA office at near [defendant's home address]?" And, on January 16, less than 24 hours before his arrival at the Federal Complex, he searched: "dea hq attack"; "how to attack 600 arch st phila"; and "600 arch st."

A photograph of the defendant in the moments after the encounter depicts the large butcher knife he brought with him for his attack. For reference, the image is displayed below and shows that the knife appears to exceed the length of an entire stone block that surrounds the large tree planter on the curb of North 7th Street:



[Note: the image of the defendant's body has been redacted.]

The size of the knife in his hand, the second knife secreted in his shirt sleeve, and the body armor he wore make it clear that the defendant came to the Federal Complex ready for a violent encounter.

Pursuant to 18 U.S.C. § 3142(e), the government submits that there are no conditions or

combination of conditions that will reasonably assure the defendant's appearance as required and/or the safety of the community**;** therefore, the government moves for his pretrial detention.

## III. MAXIMUM PENALTIES FOR THE CRIMES CHARGED

The maximum penalty for a violation of Title 18, United States Code, Section 111(a)(1) (assaulting, resisting, or impeding a federal officer) is 20 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

The maximum penalty for a violation of Title 18, United States Code, Section 1114(a) (attempted murder of a federal officer) is 20 years' imprisonment, 3 years of supervised release, a $250,000 fine, and a $100 special assessment.

The total maximum sentence for the offenses committed on January 17, 2023, and charged in the complaint, is 40 years' imprisonment, 3 years of supervised release, a $500,000 fine, and a $200 special assessment.

## IV. THE DEFENDANT'S CRIMINAL HISTORY

In 2007, the defendant was convicted of aggravated assault and attempted criminal homicide in the Bucks County Court of Common Pleas. He was sentenced to a term of imprisonment of 2 to 4 years and 10 years of probation. In that case, the defendant engaged in an armed standoff with Bristol police officers in the basement of his house. During the encounter, the defendant pointed a rifle at a police officer who had been called to the location to do a wellness check. Following his arrest, the defendant told officers that he pointed the rifle at them because he "wanted to die." His probation stemming from that case expires on June 13, 2026. As a result of this recent arrest, on February 1, 2023, a detainer was issued in Bucks County for the defendant violating the terms of his supervision. The defendant also has a pending felony theft

case in Bucks County from an arrest on April 20, 2022.

## V. THE LAW

Title 18, United States Code, Section 3142(g) sets forth the factors that this court is to consider in determining whether a person should be released or detained. In summary, these factors are:

1) the nature and circumstances of the offenses charged;
2) the weight of the evidence against the defendant;
3) the history and characteristics of the defendant including-
    a) employment history, financial resources, drug abuse, criminal history and record of appearance at court proceedings, and
    b) whether he was on supervision at the time of his offenses or arrests or was on release pending court proceedings;
4) the dangerousness to any person or the community.

The application of these factors set forth below demonstrates that there are no conditions of release that will reasonably assure the appearance of the defendant and the safety of the community. 18 U.S.C. §§ 3142(e), (g).

### A. Community Ties/Employment/Likelihood of Nonappearance

The defendant committed these crimes while he was on probation for a case in which he pointed a rifle at a police officer. Additionally, he committed these crimes while on pretrial release for a felony theft case in Bucks County. He has a long history of mental health issues and illegal drug use. In fact, his family reported that he takes unprescribed Adderall. Although he has a history of employment as a carpenter, it is unclear what his employment status is as a result of this arrest. The defendant's sister reported being his caregiver, although the defendant lives alone in a house in Bristol, Pennsylvania.

The defendant has served time in state prison for a very serious and violent crime. He

now faces a maximum of 40 years in prison on the present charges and the potential of serving consecutive time for violating his state probation. The significant sentence that he faces provides a strong incentive to flee. Moreover, the evidence in this case is incredibly strong. *United States v. Evans*, 2015 WL 6750769, at *2 (E.D. Pa. Nov. 4, 2015) (J. Bartle) (finding that "the government has assembled a substantial body of evidence against [defendant], a factor which weighs against pretrial release."). The defendant undoubtedly presents a substantial risk of nonappearance, and he must be detained prior to trial. Importantly, U.S. Pretrial Services recommends that the defendant be detained pending trial.

**B. Danger to the Community**

The defendant attempted to stab a federal officer with a kitchen knife that was over a foot in length. He came to the location wearing homemade body armor, after researching how to "attack" 600 Arch Street. The defendant has apparent and obvious mental health issues, including delusions that the DEA has targeted him for "mind control" while "utilizing satellites." During the defendant's treatment at Jefferson Hospital after being wounded in connection with his arrest, he stated that he wanted to die, asking his family to kill him and "pull the plug." Plainly, he is a danger to himself and the community.

Accordingly, based upon the seriousness of the offense conduct, the defendant's own statements, his prior criminal conviction for a violent crime, and his willingness to violate his probation, the government submits that in order to protect the community, the defendant must not be released.

## VI. CONCLUSION

Accordingly, the government agrees with Pretrial Services that that there are no conditions or combination of conditions that will reasonably assure the presence of the defendant in court or the safety of the community.

WHEREFORE, the government respectfully submits that its Motion for Pretrial Detention should be granted.

Respectfully submitted,

JACQUELINE C. ROMERO
United States Attorney

/s/ Justin Ashenfelter
JUSTIN ASHENFELTER
ANTHONY CARISSIMI
Assistant United States Attorneys

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | **:** | **MAGISTRATE NO. 23-mj-88** |
| **v.** | **:** | |
| **ANTHONY LOMBARDO** | **:** | |

**<u>PRETRIAL DETENTION ORDER</u>**

AND NOW, this day of February 2023, after an evidentiary hearing and argument of counsel for the government and the defendant, the Court finds that this case is appropriate for detention under Title 18, United States Code, Section 3142(e) because:

a. the government has proved by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required; and

b. the government has proved by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of other persons and the community, as required by Title 18, United States Code, Section 3142(e).

The Court makes the following findings of fact:

1. There is probable cause to believe that the defendant has violated Title 18 United States Code, Sections 111(a)(1) and 1114(a).

2. The evidence in this case is strong, and the likelihood of conviction is great. The following provides a summary of the evidence before the Court:

a. The defendant was arrested on a complaint and warrant for attempting to stab a Court Security Officer with a large kitchen knife in an unprovoked attack aimed at

employees of the Federal Complex, including the Drug Enforcement Administration. The defendant's attack on the officer was captured on video. The defendant's cellphone contained internet browser searches of his intent to attack the DEA at 600 Arch Street. A bench warrant for his arrest on a detainer was ordered in Bucks County for violating probation as a result this recent arrest. He has prior a criminal convictions for a violent crime involving an assault on law enforcement. He has expressed his intention to harm himself.

b. The maximum penalty for a violation of Title 18, United States Code, Section 111(a)(1) (assaulting, resisting, or impeding a federal officer) is 20 years' imprisonment, 3 years of supervised release, a $250,000, and a $100 special assessment. The maximum penalty for a violation of Title 18, United States Code, Section 1114(a) (attempted murder of a federal officer) is 20 years' imprisonment, 3 years of supervised release, a $250,000, and a $100 special assessment. Thus, the total maximum sentence for the offenses committed on January 17, 2023, and charged in the complaint, is 40 years' imprisonment, 3 years of supervised release, a $500,000 fine, and a $200 special assessment.

3. The strength and nature of the evidence against the defendant, his prior criminal history, his violation of the terms of his probation, his history of mental illness and substance abuse, and the strong likelihood that the defendant will be incarcerated for a significant period of time, establishes that the defendant is a danger to the community and presents a high risk that the defendant will not appear as required by the Court.

Therefore, IT IS ORDERED that the defendant be committed to the custody of the Attorney General for confinement in a correctional facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal; that the

defendant be afforded reasonable opportunity for private consultation with counsel; and that, on order of a Court of the United States, or on request of an attorney for the government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

BY THE COURT:

______________________________

HON. CAROL S. MOORE WELLS
*United States Magistrate Judge*

**CERTIFICATE OF SERVICE**

I certify that a true and correct copy of the Government's Motion for Pretrial Detention and Proposed Order, was served by electronic mail upon and ECF:

Elizabeth Toplin and Kathleen Gaughan

/s/ Justin Ashenfelter
JUSTIN ASHENFELTER
Assistant United States Attorney

Dated: February 20, 2023